IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| AttestWave LLC, | Case No. 1:23-cv-22751 |
| Plaintiff, | Patent Infringement Case |
| v. | Jury Trial Demanded |
| HMD America, Inc., | |
| Defendant. | |

COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff AttestWave LLC ("AttestWave" " or "Plaintiff"), through its attorneys, files this Complaint for patent infringement against HMD America Inc., ("HMD" or Defendant"), and alleges as follows:

PARTIES

2. Plaintiff AttestWave LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 261 West 35th St, Suite 1003, New York, NY 10001.

3. Defendant HMD is a corporation organized and existing under the laws of Florida and maintains an established place of business at HMD America Inc., 1200 Brickell Ave., Suite 510, Miami, FL 33131. On information and belief, Defendant sells and offers to sell products and services throughout Florida, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Florida and this judicial district. Defendant can be served with process

through their registered agent, Incorp Services, Inc., 3458 Lakeshore Dr., Tallahassee, FL 32312, at its place of business, or anywhere else it may be found.

## JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(1), because Defendant resides in this district, and (b)(2) because a substantial part of the events giving rise to the claims occurred in this district.

## PATENT-IN-SUIT

8. Plaintiff is the assignee of all right, title, and interest in United States Patent No. 7,305,704 (the "Patent-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patent-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patent-in-Suit by Defendant.

## THE '704 PATENT

9. The '704 Patent is entitled "Management of trusted flow system," and issued 2007-12-04. The application leading to the '704 Patent was filed on 2002-08-14. A true and

correct copy of the '704 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

### COUNT 1: INFRINGEMENT OF THE '704 PATENT

10. Plaintiff incorporates the above paragraphs herein by reference.

11. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '704 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '704 Patent also identified in the charts incorporated into this Count below (the "Exemplary '704 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '704 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

12. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '704 Patent Claims, by having its employees internally test and use these Exemplary Products.

13. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

14. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '704 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its

products in the customary and intended manner that infringes the '704 Patent. See Exhibit 2 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

15. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '704 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '704 Patent.

16. Exhibit 2 includes charts comparing the Exemplary '704 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '704 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '704 Patent Claims.

17. Therefore, Plaintiff incorporates by reference in its allegations herein the claim charts of Exhibit 2.

18. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### JURY DEMAND

19. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. Enter judgment that the '704 Patent is valid and enforceable;

B. Enter judgment that Defendant has infringed directly and indirectly one or more claims of the '704 Patent;

C. An accounting of all damages not presented at trial;

D. A judgment that awards Plaintiff an amount sufficient to compensate it for Defendant's infringement of the Patents-in-Suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284, with respect to the '704 Patent; and

E. Enter Declaratory Judgment:

  i. that this case is exceptional within the meaning of 35 U.S.C. § 285;

  ii. that Plaintiff be awarded against Defendant its reasonable attorney's fees that it incurs in prosecuting this action; and

  iii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

F. that Plaintiff be awarded such other and further relief at law or in equity as the Court deems just and proper.

DATED: July 24, 2023.

Respectfully submitted,

By: /s/ *Victoria E. Brieant*
Victoria E. Brieant (FBN 632961)
Law Office of Victoria E. Brieant, P.A.
4000 Ponce de Leon Boulevard, Suite 470
Coral Gables, FL  33146
Email: Victoria@brieantlaw.com
Telephone: (305) 421-7200

Attorney For Plaintiff
AttestWave LLC